UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

HENRY LOUIS ROBINSON,

Plaintiff,

**MEMORANDUM & ORDER**
25-CV-6802 (EK)(SDE)

-against-

EQUIFAX, INC; TRANSUNION INTERMEDIATE HOLDINGS, INC.; and EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants.

------------------------------------x

ERIC KOMITEE, United States District Judge:

Plaintiff Henry Louis Robinson brings claims against Equifax, TransUnion, and Experian Information Solutions: three consumer reporting agencies. He alleges that they reported inaccurate and misleading information in his credit reports. He moves to proceed *in forma pauperis*; that motion is granted for the limited purpose of this order.[1] ECF No. 2. But for the reasons set forth below, his complaint is dismissed for lack of subject-matter jurisdiction.

---

[1] In his long form motion to proceed *in forma pauperis*, Plaintiff indicates that he recently had a monthly income of $20,000. ECF No. 2, at 1. However, construed against the remainder of his financial attestations, this is doubtful. If Plaintiff files an amended complaint, he is directed to either pay the filing fee or provide more information in a letter to the Court. *See Brown v. Sage*, 941 F.3d 655 (3d Cir. 2019) (holding that Section 1915 allows dismissal on 1915 grounds prior to an assessment of IFP status).

## I. Background

The following facts are taken from the complaint and assumed to be true for the purpose of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).[2]

The complaint contains minimal factual content. Robinson is in active litigation in this Court with Navy Federal Credit Union regarding a consumer credit account that he says is "inaccurate" and "unverifiable." Compl. 2, ECF No. 1; *see Robinson v. Navy Federal Credit Union*, No. 25-CV-5966 (E.D.N.Y. filed Nov. 20, 2025). In this action, Robinson alleges that the defendants have "report[ed] the Disputed Account inaccurately." *Id.* Experian "report[ed] derogatory statuses" about his account such as "charged off" and "profit / loss write-off." *Id.* at 2-3. Similarly, Transunion reported "derogatory information" and Equifax "create[ed] duplicative negative reporting." *Id.* at 3.

Robinson learned through a credit-monitoring site, Credit Karma, that defendants generated these allegedly inaccurate reports. *Id.* He "sent written disputes" to the three defendants, "demanding deletion or suppression" of the challenged reporting. *Id.* But they have not complied. *Id.* Robinson also alleges that, after he disputed the account, the defendants "failed to conduct reinvestigations within 30 days"

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

and that the reinvestigations they did conduct were "unreasonable, incomplete, and unlawful." *Id.* at 3-4.

Robinson brings claims against all three defendants under the Fair Credit Reporting Act ("FCRA"). He claims that he suffered "emotional distress, reputational harm, credit damage, and statutory harm." *Id.* He argues that the publication of misleading or inaccurate information to a third party, Credit Karma, "establishes concrete injury." *Id.* at 15-16. He does not allege that he sought and was denied credit or that the information obtained by Credit Karma was disseminated to anyone other than himself. He seeks $36,000 from each defendant in "statutory damages." *Id.*

The bulk of the complaint consists of exhibits, including complaints Robinson submitted to the Consumer Financial Protection Bureau, and copies of his credit reports containing the information he alleges is incorrect. Compl. 20-67.

## II. Legal Standard

A district court will dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Documents "filed *pro se* [are] to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the same time, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, a court must dismiss a case over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Shields v. United States*, 858 F. App'x 427, 428 (2d Cir. 2021).

## III. Discussion

A federal court has jurisdiction only to adjudicate "cases and controversies" under Article III of the U.S. Constitution, which requires that plaintiffs have standing to bring their claims. *NRDC v. FDA*, 710 F.3d 71, 79 (2d Cir. 2013). To establish standing, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Simply citing an alleged statutory violation under the FCRA does not satisfy this requirement. *Id.* at 426.

Robinson's allegations fall short because he identifies no concrete injury that he suffered, such as denial

of credit or identity theft. Although he alleges "emotional distress, reputational harm, credit damage, and statutory harm," Compl. 2-3, "conclusory allegations" of "mental and emotional pain, anguish, humiliation, and embarrassment of credit denial" are insufficient, absent "any particularized injury or actual dissemination to third-party creditors." *Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 391-92 (E.D.N.Y. 2022). Nor does a reduced credit score, in itself, suffice. *See Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 65 (2d Cir. 2021); *see also Zlotnick*, 583 F. Supp. 3d at 392 (a "lowered credit score in and of itself is not a concrete harm").

Robinson does allege that defendants published inaccurate information to Credit Karma. But the Second Circuit has held that, just as "defamatory writing is not published if it is read by no one but the one defamed," the mere availability of false information does not inflict a concrete injury absent a showing that a third party actually read it. *Maddox*, 19 F.4th at 65. Robinson does not allege that anyone other than himself viewed the allegedly false publications on Credit Karma and therefore fails to plausibly plead that these reports caused him a concrete injury.

The complaint thus does not establish Article III standing and must be dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B); *see, e.g.*, *Carter v. HealthPort Techs., LLC*,

822 F.3d 47, 54 (2d Cir. 2016) (dismissals for lack of standing must be without prejudice).

## IV. Conclusion

For the foregoing reasons, plaintiff's complaint is dismissed without prejudice.

Robinson is granted twenty-eight days from the date of this order to file an amended complaint. He is advised that any amended complaint will completely replace the operative complaint, that it must be captioned "Second Amended Complaint," and that it must bear the same docket number as this order: 25-CV-6802 (EK)(SDE). If no amended complaint is filed, judgment shall be entered and this case will be closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to plaintiff and to note the mailing on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: November 12, 2026
Brooklyn, New York